```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EMMANUAL PENA, THOMAS D. BRIEL,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
          -against-                           16-CV-1554(JS)(GRB)

ARMOR CORRECTIONAL HEALTH INC.;
N.Y. STATE COMMISSION OF CORRECTIONS;
PRISON OVERSEER THOMAS BELLEIN; N.Y.
STATE DEP'T OF CORRECTIONS, NASSAU
COUNTY CORRECTIONAL CENTER OVERSEER
MICHAEL SPOSATO; INSPECTION [SIC]
GENERAL OF N.Y.; ATTORNEY GENERAL;
NASSAU CO. GRIEVANCE COMMITTEE; N.Y.S
INSPECTOR GENERAL'S OFFICE; NASSAU
COUNTY SHERIFF'S DEPARTMENT; and
NASSAU COUNTY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Emmanuel Pena, pro se
                    10R2052
                    Downstate Correctional Facility
                    121 Red Schoolhouse Road
                    P.O. Box F
                    Fishkill, NY 12523

                    Thomas D. Briel, pro se[1]
                    16000281
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

---

[1] Since the time the Complaint was filed, Briel has apparently been discharged from the Nassau Jail and has not provided the Court with a new address. See Briel v. Armor Corr. Health Inc., et al., 16-CV-00761, Docket Entry Nos. 11 and 13, Mail sent to Briel at the Nassau Jail was returned on May 4, 2016 and May 20, 2016 and marked "Return to Sender", "Discharged." Plaintiffs are reminded of their obligation to keep the Court apprised of any change of address and a failure to do so makes it impossible for the Court to communicate with Plaintiffs and may lead to the dismissal of the Complaint.

SEYBERT, District Judge:

On March 17, 2016, incarcerated pro se plaintiffs Emmanuel Pena ("Pena") and Thomas D. Briel ("Briel" and together, "Plaintiffs") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Armor Correctional Health, Inc. ("Armor"), the N.Y. State Commission of Corrections ("NYSCOC"), "Prisoner Overseer 'Thomas Bellein'" ("Bellein"), N.Y. State Dep't of Corrections ("NYSDOCS"), Nassau County Correctional Center (the "Jail"), "Overseer 'Michael Sposato'" ("Sheriff Sposato"), Inspection [sic] General of N.Y. ("NY Inspector General"), Attorney General ("Attorney General"), Nassau County Grievance Committee ("Grievance Committee"), N.Y.S. Inspector General's Office ("NYS Inspector General's Office"), Nassau County Sheriff's Department ("Sheriff's Dep't"), and Nassau County (the "County" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis signed by each Plaintiff.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiffs are qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiffs' request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief.

## BACKGROUND[2]

Plaintiffs' handwritten Complaint is submitted on the Court's Section 1983 complaint form and has an additional twelve pages of attachments. According to the Complaint, which is hardly a model of clarity, Plaintiffs are being subjected to cruel and unusual punishment and denied due process and equal protection in violation of their state and federal constitutional rights. The Complaint largely lists generalized grievances rather than specific events that involved each Plaintiff.

Plaintiffs complain that the living conditions at the Jail are unsanitary because, for example, the "showers are moldy" and have "bacteria and fungus." (Compl. at 8.) Plaintiffs describe that there are "little white worms in the water" and that there are "ants, fleas, roaches, . . . worms, flies [and] magets [sic]" in cells and walls. (Compl. at 8-9.) Plaintiffs describe that the "steel stairs to the second floor tiers have never been power washed, cleaned, painted and rewelded where broken." (Compl. at 12.) According to the Complaint, "hot water showers daily are 'NOT' provided; Razors are 'NOT' provided daily; [and] Barbaring [sic] tools 'clippers' are not available daily." (Compl. at 10 (emphasis in original).) In addition, Plaintiffs allege that there are "no safety showers for people with back and neck injuries" and

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

there are no non-slip strips or hand railings in the showers. (Compl. at 11.)

Plaintiffs also complain that the portions of food served to inmates are "improper", that the food is served cold, and that the food carts and trays are unsanitary. (Compl. at 8-10.) In addition, Plaintiffs allege that there is "[n]o shelter from rain, snow, hail and other adverse weather during recreation" and that "every time it rains, . . . water comes through the roofs, cielings [sic] and through the walls into cells or outside of cells." (Compl. at 8-9.) Plaintiffs also allege that the medical treatment provided to inmates is inadequate because inmates are denied medication that had been prescribed for them before incarceration. (Compl. at 10.)

Further, Plaintiffs allege that the grievance procedures are "inadequate" and that there is a "failure to respond" to inmate grievances. (Compl. at 10.) Moreover, the law library and access thereto is allegedly "unconstitutional." (Compl. at 11.) Finally, Plaintiffs complain that the "air filtration system is unsanitary" and that the Jail's fire sprinkler systems are "never tested" and that they have seen "little worms fall out." (Compl. at 9.)

As a result of the foregoing, Plaintiffs seek to recover a damages award of $700 million for "violations of State Constitutions and Federal Constitutions." (Compl. at 14, 17 ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiffs' declaration in support of their application to proceed in forma pauperis, the Court finds that Plaintiffs are qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiffs' request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

5

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53

(2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). ("[Plaintiff's] claims against [Defendant] failed as a matter of law because [Plaintiff] failed to allege sufficient personal involvement on [Defendant's] part to make him liable under § 1983.") See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998). With these standards in mind, the Court considers Plaintiffs' claims against the Defendants.

7

A. <u>Claims Against Bellein, Sheriff Sposato, NY Inspector General, and the Attorney General</u>

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. <u>See</u> <u>supra</u> at 7; <u>Rivera</u>, 655 F. Supp. 2d at 237; <u>see</u> <u>also</u> <u>Warren v. Goord</u>, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995)) <u>aff'd</u>, 368 F. App'x 161 (2d Cir. 2010)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no <u>respondeat</u> <u>superior</u> liability under Section 1983. <u>Richardson v. Goord</u>, 347 F.3d 431, 435 (2d Cir. 2003).

Plaintiffs' Complaint does not include any factual allegations sufficient to demonstrate personal involvement by any of the individual Defendants, namely Bellein, Sheriff Sposato, the NY Inspector General, and the Attorney General, regarding the events alleged in the Complaint and it appears that Plaintiffs seek to impose liability against these individuals based solely on the supervisory positions they hold. Wholly absent from the Complaint are any allegations sufficient to establish any personal involvement by any of these individuals in the unlawful conduct of which Plaintiffs complain. And, apart from Bellein and Sheriff Sposato, none of these individuals are even included in the body of

8

the Complaint. Accordingly, Plaintiffs' claims against Bellein, Sheriff Sposato, the NY Inspector General, and the Attorney General are not plausible and are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

    B.   <u>Claims Against Sheriff's Department and Grievance Committee</u>

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); <u>see</u> <u>also</u> <u>Hawkins v. Nassau Cty. Corr. Fac.</u>, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); <u>Melendez v. Nassau Cty.</u>, 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against the NCSD because it lacks the capacity to be sued). Thus, Plaintiffs' claims against the Sheriff Department and Grievance Committee are not plausible because these entities have no legal identity separate and apart from Nassau County. Accordingly, these claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

9

C.  Claims Against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servcs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91 ("local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels").

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly

train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, Plaintiffs' Section 1983 claim against Nassau County is thus DISMISSED WITHOUT PREJUDICE as against Nassau County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

D.  Claims Against Armor

Armor Correctional Health, Inc. is "a private company contracted to perform medical services for inmates at the Nassau County Correctional Center." See Gaines v. Armor Health Care, Inc., No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. 2012) (citing Briel v. Sposato, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012)). It is well-established that "[a]nyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) (internal quotation marks and citation omitted). Thus, a private employer acting under color of state law may be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized

11

or undertaken pursuant to the official policy of the private entity employer and the employer was jointly engaged with state officials or its conduct is chargeable to the state. Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408-09 (2d Cir. 1990); Dilworth v. Goldberg, 914 F. Supp. 2d 433, 452 (S.D.N.Y. 2012); Mejia v. City of N.Y., 119 F. Supp. 2d 232, 275 (E.D.N.Y. 2000) (collecting cases).

Here, as is readily apparent, Plaintiffs have not alleged any facts to support a plausible Section 1983 claim against Armor. Wholly absent are any allegations sufficient for the Court to construe that Plaintiffs' constitutional rights were violated pursuant to some policy, practice, or custom of Armor. Accordingly, Plaintiffs' claims against Armor are sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### E. Claims Against NYSCOC, NYSDOCS, and the NYS Inspector General's Office

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)). As agencies or arms of the State of New York, the NYSCOC, the NYSDOCS, and the NYS Inspector General's Office are immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114

(1985); Garcia v. Div. of Parole Exec. Dept., No. 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole "'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991)); Warren v. Sawyer, et al., 15-CV-0591, 2016 WL 1558460, at *2 (N.D.N.Y. Apr. 15, 2016) (dismissing Section 1983 claims for money damages against the NYSDOCCS as barred by the Eleventh Amendment); Hallett v. N.Y. State DOCS, 109 F. Supp. 2d 190, 197 (S.D.N.Y. 2000) (citations omitted) (same). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (citation omitted).[3] As such, Plaintiffs' claims against these Defendants are barred by the Eleventh Amendment to the Constitution and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b).[4]

---

[3] Similarly, Plaintiffs' claims for damages against state employees sued in their official capacities are barred by the Eleventh Amendment. Graham, 473 U.S. at 165-167, and n. 14, (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities.").

[4] The Court notes that the Plaintiffs' Section 1983 claims against the individual State Defendants in their official

13

IV. <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> Complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Ashmore v. Prus</u>, 510 F. App'x 47, 49 (2d Cir. 2013) (citing <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000)), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, Plaintiffs are GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this Order. Plaintiffs are cautioned that, in order to establish a constitutional violation arising out of the conditions of confinement, the Second Circuit instructs: "To demonstrate that the conditions of [ ] confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." <u>Jolly v. Coughlin</u>, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted). To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result in unquestioned and serious deprivations of basic human needs." <u>Id.</u> (internal quotation marks and citation omitted). "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his

---

capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." <u>Spencer v. Doe</u>, 139 F.3d 107, 111 (2d Cir. 1998); <u>see</u> <u>also</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

14

health." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted). With respect to the subjective element, "plaintiff must demonstrate that the defendants imposed those conditions with deliberate indifference." Jolly, 76 F.3d at 480 (internal quotation marks and citations omitted). "To constitute deliberate indifference, [t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." Walker, 717 F.3d at 125 (internal quotation marks and citation omitted).

Plaintiffs are directed that **any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 16-CV-01554(JS)(GRB).** Plaintiffs are cautioned that an Amended Complaint **completely replaces** the original Complaint. Therefore, all claims not dismissed with prejudice herein and allegations Plaintiffs wish to pursue should be included in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiffs' application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b) as against the Sheriff's Department, the Grievance Committee, NYSCOC, NYSDOCS, and the NYS Inspector General's Office. Plaintiffs' remaining claims are sua sponte DISMISSED WITHOUT PREJUDICE for

15

failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and **WITH LEAVE TO FILE AN AMENDED COMPLAINT. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 16-CV-01554(JS)(GRB).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiffs at their last known addresses.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   24  , 2016
      Central Islip, New York